**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4038

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEONTAE RAYSHAUN COLETRAINE, a/k/a Deonte
Reshawn Coletrain,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Samuel G. Wilson, District
Judge.  (CR-05-49)

Submitted:  October 31, 2006          Decided:  November 27, 2006

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary M. Bowman, Roanoke, Virginia, for Appellant.  John L.
Brownlee, United States Attorney, Edward A. Lustig, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Deontae Rayshaun Coletraine appeals his conviction and 33-month prison sentence pursuant to his conditional guilty plea to one count of possession of a firearm by a user of marijuana, in violation of 18 U.S.C. § 922(g) (2000). Coletraine reserved the right to appeal the district court's order denying his motion to suppress a firearm recovered in a search of his person.

We review factual findings underlying a district court's suppression determination for clear error and the district court's legal conclusions de novo. United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

"[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry v. Ohio, 392 U.S. 1 (1968)). To conduct a Terry stop, there must be "at least a minimal level of objective justification for making the stop." Wardlow, 528 U.S. at 123. Reasonable suspicion requires more than a hunch but less than probable cause and may be based on the collective knowledge of officers involved in an investigation. Id.; see also United States v. Hensley, 469 U.S. 221, 232 (1985).

In assessing police conduct in a <u>Terry</u> stop, courts must look to the totality of the circumstances. <u>United States v. Sokolow</u>, 490 U.S. 1, 8 (1989). Officers conducting a lawful <u>Terry</u> stop may take steps reasonably necessary to protect their personal safety, check for identification, and maintain the status quo. <u>Hensley</u>, 469 U.S. at 229, 235; <u>see also</u> <u>United States v. Moore</u>, 817 F.2d 1105, 1108 (4th Cir. 1987) (brief but complete restriction of liberty is valid under <u>Terry</u>).

We have reviewed the record, the district court's order, and the parties' briefs on appeal. Viewing the conflicting evidence in the Government's favor, as we must, the officer observed Coletraine, whom he knew from past dealings was involved in drug activity, in a high drug trafficking area. The officer knew that Coletraine did not live on the property, which was posted "No Trespassing." Moreover, the officer knew that Coletraine and the other individuals present were suspects in a recent shooting. When he saw the officers, Coletraine looked surprised and began to walk backwards.

Given these facts, the officer had reasonable suspicion that crime was afoot. He was therefore entitled to conduct a limited frisk to ensure his own safety and that of the others present. During the patdown, the officer felt an object he immediately knew to be a firearm. Looking at the totality of the circumstances and viewing the evidence in the light most favorable

to the Government, we find that the gun was lawfully seized as part of a proper <u>Terry</u> stop-and-frisk.  <u>See</u> <u>United States v. Mayo</u>, 361 F.3d 802, 805-08 (4th Cir. 2004); <u>United States v. Raymond</u>, 152 F.3d 309, 312 (4th Cir. 1998).

Accordingly, the district court did not err in denying Coletraine's motion to suppress the firearm.  Therefore, we affirm Coletraine's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>